UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Civil Case No.: _____

| | |
|---|---|
| Christina Parziale ) | |
|     Plaintiff ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | |
| Joseph Bladecki ) | |
| d/b/a The Boulders Motel ) | |
| & Cottage ) | |
|     Defendant ) | |
| ) | |

NOW COMES the plaintiff, Christina Parziale, by and through her attorneys, Boynton, Waldron, Doleac, Woodman & Scott, PA., and respectfully submits this Complaint against the Defendant, Joseph Bladecki d/b/a The Boulders Motel & Cottages, stating in support thereof as follows:

### I.  Parties:

1. The plaintiff, Christina Parziale, is a Massachusetts citizen residing at 90 Bliss Road, Longmeadow, MA 01106.

2. The defendant, Joseph Bladecki is, upon information and belief, an individual residing at 15 Gala Avenue, Laconia, New Hampshire, 03246. Joseph Bladecki is the registered owner of The Boulders Motel & Cottages, the business property in which the injury occurred.

### II.  Jurisdiction and Venue:

3. The Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. §1332. Whereas the Court shall have original jurisdiction of all civil actions where the matter in

1

controversy exceeds the sum or value of $75,000, exclusive in interest and costs and is between citizens of different states.

4. The plaintiff, Ms. Parziale, is a resident of Massachusetts. The defendant, Joseph Bladecki, is a resident and business owner in the state of New Hampshire.

5. Venue is proper in the State of New Hampshire as the acts and omissions forming the grounds of the plaintiff's claim occurred in the state of New Hampshire.

## Allegations Common to All Counts

6. At all relevant times, the defendant Joseph Bladecki was the owner and operator of The Boulders Motel & Cottages.

7. On or about July 19, 2020, Ms. Parziale was a paying guest staying at The Boulders Motel & Cottages.

8. Ms. Parziale entered her room which she had rented from the defendant and attempted to open the window as the weather was hot. In a reasonable and prudent manner, Ms. Parziale pushed on the right side of the window, which had a left hinge.

9. As Ms. Parziale attempted to open the window which was difficult to open, the glass in the window shattered as she made a reasonable attempt to push it open.

10. The broken glass from the window caused severe lacerations to Ms. Parziale's dominant right hand and wrist.

11. Ms. Parziale sustained a complete laceration of the ulnar digital nerve on her right hand, a transverse laceration at the base of the fourth and fifth digits on her dominant right hand and an oblique laceration on her right wrist.

12. Ms. Parziale underwent surgery on November 4, 2020, to repair the complete laceration of the ulnar digital nerve of her dominant right hand.

13. Ms. Parziale continues to experience marked hypersensitivity surrounding the scarring on her finger and wrist. Additionally, she continues to experience dense numbness and a lack of protective sensation in the ulnar digital nerve as well as disfigurement.

14. To date, Ms. Parziale continues to experience extreme anxiety and emotional distress from the event and her injuries.

### III.     Causes of Action:

**COUNT I**
**Negligence**

15. Plaintiff incorporates by reference herein the allegations contained in the preceding paragraphs, as fully set forth herein, and by way of further pleading states as follows:

16. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent and reckless conduct of Joseph Bladecki as the owner and operator of The Boulders Motel & Cottages.

17. At all times relevant hereto the defendant owed duties of care to Ms. Parziale and all other patrons of The Boulders Motel & Cottages, to maintain, monitor, repair or replace the windows in the facility in such a way in which they could be operated safely and within industry standards for push-open casement windows. The defendant, Joseph Bladecki, failed to reasonably maintain, monitor, repair or replace the subject windows

and failed to warn of the dangerous and hazardous condition of the window. The defendant also violated its duties of care to Ms. Parziale by failing to maintain its hotel in a habitable and safe condition and to warn of dangerous and hazardous conditions.

18. The window assembly in question contained thin, single pane glaze, which did not meet the safety code standards for window glazing.

19. It is the American Architectural Manufactures Association (AAMA) industry standard that certain building codes and safety regulations be maintained for business and residential properties. This industry standard incorporates routine inspection and maintenance of property windows on a regular basis. As such, it is the duty of care to include inspection of the top and bottom hinge assemblies, the glaze, the slide tackle and the condition of the window frame and the fit of the window assembly into the frame, to ensure safe operation of the window.

20. Photographs of the window in question immediately following Ms. Parziale's injury evidence that the window and assembly were not monitored, maintained, repaired or replaced in accordance with industry standards. The subject window had obvious signs of water damage and dirt and debris had accumulated on the window assembly, preventing safe operation and the condition of the window otherwise violates codes and standards.

21. Through Joseph Bladecki's failure to properly inspect and reasonably monitor, maintain, repair or replace the windows, and failure to maintain its hotel in a habitable and safe condition and to warn of dangerous and hazardous conditions, Ms. Parziale was directly caused serious bodily injuries as a result of the unsafe conditions.

22. The defendant breached its duties of care to Ms. Parziale by failing to monitor, maintain, repair or replace the windows in the facility in such a way that they could be operated safely within industry standards for push-open windows and additionally failed to maintain the defendant's hotel in a safe and habitable condition and failed to warn of the dangerous and hazardous condition of the windows.

23. As a direct and proximate result of the defendant's negligence, and breaching of the defendant's duties of care as aforesaid, Ms. Parziale suffered severe injury and continues to suffer damages including, but not limited to, numerous medical procedures and therapies, large medical expenses, emotional distress and anxiety, loss of enjoyment of life and the cost and ongoing expense of litigation.

## COUNT II
## Violation of RSA:358-A
## (The New Hampshire Consumer Protection Act)

24. Plaintiff incorporates by reference herein the allegations contained in the preceding paragraphs, as fully set forth herein, and by way of further pleading, states as follows:

25. The defendant engaged in unfair and deceptive acts in the conduct of trade or commerce. The defendant represented and held out that the goods and services of its hotel residences, which the defendant was providing, were of a certain grade, standard and quality when they were not up to code or otherwise properly maintained as required by law and internationally recognized standards, including ASTM-ANSI, ICC and AAMA.

26. Additionally, the defendant failed to warn of the defective and hazardous

conditions at the defendant's hotel premises and maintained the premises in a manner which was not habitable and safe thereby breaching the warranty of habitability relating to structural and other defects including defects in the maintenance condition and otherwise as alleged above relating to the subject window and the condition and circumstances of the windows at the defendant's hotel as a whole.

27. Based upon the foregoing, the defendant breached specific subsections of RSA:358-A:2 by representing that goods or services in the form of its hotel premises had certain characteristics and statuses which they did not have in the form of safety and appropriateness and failure to warn of hazardous and code violative conditions and further represented and held out the goods and services of the hotel premises were of particular standards, qualities, or grades in the forms of meeting code and being safe and comfortable when they were of another quality as stated above.

28. Additionally, in addition to the specific violations of RSA:358-A:2, the defendant's violations of code and failure to warn and other acts and omissions as noted above, constitute unfair and deceptive practices attaining the level of rascality that would raise the eyebrow of someone inured to the rough and tumble of the world of commerce and thereby, additionally meeting the "rascality" standard in addition to constituting specific violations of RSA:358-A:V, VII, and 1X.

29. The plaintiff has suffered all of the damages as aforesaid as a direct and proximate cause and result of the defendant's violations of RSA:358-A. The plaintiff is entitled to all damages allowable under RSA:358-A, including, but not limited to, the statutory violation amount in addition to all compensatory damages and amounts as well as the

mandatory allowance of the recovery of attorneys' fees and costs and upon the finding of a willful or knowing violation, the mandatory doubling and discretionary tripling of the amount of the compensatory award.

## V. Conclusion

WHEREFORE, the plaintiff prays that this Honorable Court:

A. Enter judgment consistent with the Court's determination on all claims and with the determination for full and fair compensation in favor of the plaintiff as allowed in law and equity; and

B. Find the above-numerated violations of RSA-358-A and allow recovery of reasonable attorneys' fees and costs as well as recovery of the mandatory doubling and discretionary tripling of the full compensatory award based upon a finding of a willful or knowing violation;

C. Allow such further relief as justice and equity require.

                    Respectfully Submitted,

                    Christina Parziale
                    By her attorneys:
                    Boynton, Waldron, Doleac,
                    Woodman & Scott, P.A.

Dated: December 2, 2021        By:  /s/Christopher E. Grant, Esq.
                                            Christopher E. Grant, NH Bar # 6597
                                            82 Court Street
                                            Portsmouth, NH 03801
                                            (603) 436-4010
                                            Email:  cgrane@nhlawfirm.com